UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT DEAN KEITH, <br><br> Plaintiff, <br><br> vs. <br><br> SUMMERS, Public Def/Private, South Dakota, in individual and official capacity; SMITH, Director Public Defenders Minnehaha County, in individual and official capacity; DECASTRO, Private Firm, in individual and official capacity; MILLER, Paralegal and Public Advocate, in individual and official capacity; MEDICAL MGMT, Medical Provide at Minnehaha County Jail, in individual and official capacity; T. WELBIG, Provide at Medical Mgmt/County Jail, in individual and official capacity; MED. JAIL BOARD, The Members of INC at Minnehaha TAI, in individual and official capacity; and ANGEL, <br><br> Defendants. | 4:24-CV-04077-LLP <br><br><br> ORDER DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS, MOTIONS TO APPOINT COUNSEL, AND MOTION FOR HEARING, NOTICE OF RULE 4(m), AND 1915A SCREENING |

Plaintiff, Scott Dean Keith, an inmate at the Minnehaha County Jail at the start of the lawsuit, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. On May 30, 2024, Keith filed an amended complaint. Doc. 9. He also has filed four motions for leave to proceed in forma pauperis, Docs. 2, 6, 10, and 15, but Keith paid the full filing fee before this Court ruled on his motions for leave to proceed in forma pauperis. He filed two motions to appoint counsel, Docs. 12 and 14, and a motion for a hearing, Doc. 16.

## I.    Motions for Leave to Proceed In Forma Pauperis

Keith filed four motions for leave to proceed in forma pauperis and three prisoner trust

account reports. Docs. 2, 3, 6, 10, 11, 15, 18. He paid the full filing fee before this Court ruled on

his motions for leave to proceed in forma pauperis. Thus, Keith's motions for leave to proceed in

forma pauperis, Docs. 2, 6, 10, and 15, are denied as moot.[1] *See Richmond v. State*, 4:24-CV-

04067-ECS, 2024 WL 3385524, at *1 (D.S.D. July 11, 2024).

## II.    1915A Screening

### A.    Screening Standard

At the time Keith filed his complaint, he was an inmate at the Minnehaha County Jail, in

Sioux Falls, South Dakota. Doc. 1 at 1. Before this Court screened Keith's complaint, he appears

to have been released from the jail, then jailed again, and then transferred to the South Dakota

Human Services Center. Docs. 8, 13, 17. Under 28 U.S.C. § 1915A(a), "[t]he court shall review

. . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity." A "prisoner" is defined as "any person

incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or

adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,

probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). A plaintiff's

prisoner status is determined at the time when he filed the action. *See Williams v. Scalleta*, 11 F.

App'x 677, 678 (8th Cir. 2001) (per curiam) (holding that 28 U.S.C. § 1915, which uses the

same definition of "prisoner" as § 1915A(c), considers an individual's status at the time the civil

---

[1] Keith alleges that he believes that in one of his prisoner trust accounts the average
monthly balance has been falsified and was incorrect, but he has not alleged any claims, sued
who he believes was responsible, submitted any evidence, or alleged any real injury. *See* Doc. 17
at 1.

action is filed); *Olivas v. Nev. ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (per curiam) ("a court may screen a complaint pursuant to 28 U.S.C. § 1915A only if, at the time the plaintiff files the complaint," he meets the definition of "prisoner"); *Flavor v. Holt*, 2024 U.S. Dist. LEXIS 227242, at *1 (M.D. Ga. June 28, 2024) ("Although Plaintiff was no longer incarcerated at the time he filed the amended pleading in this action, screening of the Amended Complaint pursuant to 28 U.S.C. § 1915A is still appropriate because Plaintiff was incarcerated at the time he filed this action with his original complaint."), *R&R adopted in* 2024 U.S. Dist. LEXIS 226546 (M.D. Ga. July 29, 2024). Thus, Keith is considered a prisoner for § 1915A purposes.

Section 1915A only permits a court to screen a prisoner's complaint if "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Keith sues an employee of a private law firm, employees of a public defender's office and a public advocates' office, and contractors with the Minnehaha County Jail. Doc. 9 at 2–3. He also sues the "Med. Jail Board" as "the members of INC at Minnehaha Jai[l,]" *id.* at 3 (capitalization in original omitted), but it is unclear if Keith is alleging that the Med. Jail Board is part of the Minnehaha County Jail or a separate private entity. Regardless, courts have held that suing public defenders as well as contractors of a department of corrections to provide medical services in a prison was considered government entities or officers for § 1915A purposes. *Hutchinson v. Wexford Health Servs.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (holding that claims against contractors of a department of corrections could be screened under § 1915A); *Trusty v. Centurion Health Servs.*, 2020 WL 548225, at *1 (6th Cir. Jan. 7, 2020) (same). *See also Blevins v. Lacross*, 2022 WL 18135315, at *1–2 (W.D. Wash. Dec. 5, 2022) (screening a complaint under § 1915A and recommending dismissal of complaint when sole

defendant was a public defender), *R&R adopted by* 2023 WL 112042 (W.D. Wash. Jan. 5, 2023); *Vaughn v. Buchanon*, 2024 WL 1867184, at *1–2 (W.D. Ark. Apr. 1, 2024) (same), *R&R adopted by* 2024 WL 1863113 (W.D. Ark. Apr. 29, 2024); *Parker v. Va. Beach Pub. Defs. Off.*, 2011 WL 8332971, at *1–2 (E.D. Va. Sept. 20, 2011) (screening and dismissing a complaint under § 1915A when the sole defendant was a public defender). Thus, Keith has sufficiently sued governmental entities or officers or employees of a government entity such that this Court shall screen Keith's claims under § 1915A. *See Ehlers v. U.S. Navy*, 2016 U.S. Dist. LEXIS 51753, at *7 (D. Minn. Mar. 14, 2016) (holding that even if some defendants are not government actors, "[u]nder § 1915A(a), the screening requirement is triggered when a prisoner seeks redress from a governmental defendant. Section 1915A(b) is clear that, once this screening requirement is triggered under § 1915A(a), the court's review must encompass the *entire* complaint, including any portions of the complaint that would not have been subject to screening if not filed alongside the claims that triggered screening."), *R&R adopted by* 2016 U.S. Dist. LEXIS 51456 (D. Minn. Apr. 18, 2016).

### B.   Amended Complaint

"A party may amend its pleading once as a matter of course no later than . . . 21 days after serving it[.]" Fed. R. Civ. P. 15(a)(1)(A). Because Keith filed his amended complaint before his complaint was served on Defendants, *see* Doc. 9, he could amend his complaint as a matter of course. "[A]n amended complaint supercedes [sic] an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (citing *Washer v. Bullitt Cnty.*, 110 U.S. 558, 562 (1884)). Because Keith's amended complaint supersedes his original complaint, this Court will screen Keith's amended complaint under 28 U.S.C. § 1915A.

4

### C.     Factual Background as Alleged in Keith's Amended Complaint

In 2021, Ms. Summers, an attorney with the Minnehaha County Public Advocate's Office, was appointed to represent Keith in his criminal case for "felony charges of possesion of a conrolled substance unathorized articles in jail. Parafanalia possision of Phentynal." Doc. 9 at 5 (spelling errors in original, but capitalization in original omitted). *See also* Doc. 7-1 at 1. Keith sought to conduct discovery, but Summers would not meet with him or keep in contact with him. Doc. 9 at 5–6. Keith claims that Summers' refusal to meet with him and refusal to provide discovery resulted in violations of his right to a speedy trial. *Id.* at 6. Keith expressed his concerns about Summers' conduct with Tracy Smith, the Director of the Minnehaha County Public Defender's Office, and he provided Smith with film and journal evidence of his attempts to contact Summers. *Id.* at 5–6.

Keith kept in contact with the Clerk of Courts for the court where his criminal case was proceeding. *Id.* at 6. He was aware of the court dates in his case until they were cancelled. *Id.* At the time of cancellation, Keith did not receive charges for failure to appear. *Id.* Over a year later, Keith "was arrested on warents [sic] no failure to appear charges at that time[.]" *Id.* (capitalization in original omitted).

Keith was remanded to custody in the Minnehaha County Jail, where he waited "an excessive amount of time" for a hearing or a meeting with Summers. *Id.* at 7 (capitalization in original omitted). Keith later learned that Summers had resigned without "evan [sic] a hearing for Mrs[.] Summers to be recused." *Id.* (capitalization in original omitted). He filed a request for investigation against Summers with the State Bar of South Dakota (State Bar). *Id.* Keith claims that Summers' resignation stems from her actions when working on his criminal files. Doc. 9-1

at 3. Keith claims that Smith failed to appoint counsel or request that the court appoint counsel after Summers' resignation. *Id.* at 8–9.

Keith filed several requests with the Public Defender's Office requesting that he be assigned new counsel. Doc. 9 at 7. He claims that he was assigned a public advocate, Ms. Miller; he alleges that Miller engaged in false representations because she worked as an attorney despite not being licensed to practice law. Doc. 9-1 at 1–2. Miller refused to submit motions, request hearings, and schedule court hearings for medical furloughs. *Id.* at 1. Keith petitioned the state court for a two-hour furlough, which was granted; Miller later stopped at the jail to inform him that she would get the petition done the next day. *Id.* Keith alleges that both Smith and Miller's retaliation and failure to act caused violations of his right to due process, right to speedy trial, right to counsel, and right to be free from cruel and unusual punishment. *Id.* at 3. Keith was suddenly released by the court on a personal recognizance bond, despite a staff member of court services informing him that she had never seen it done that way. *Id.* at 8. Keith became homeless due to his attorneys' actions. *Id.* at 9.

At some point, Mr. DeCastro, an attorney at a private law firm, was appointed to represent Keith. Doc. 9 at 2. Keith claims that DeCastro acted deliberately with malfeasance to deter defense of Keith's case because of his lack of representation, and he rescheduled court hearings, failed to notify Keith of scheduling, and failed to produce discovery. Doc. 9-1 at 4. Keith alleges that he was required to stay in jail for extended periods of time because of DeCastro's failure to appear at bond hearings; DeCastro's actions also resulted in Keith's loss of his right to a speedy trial. *Id.* at 4–5. DeCastro also did not file a writ of habeas corpus for Keith. *Id.* at 6. DeCastro withdrew as Keith's attorney "without an order to show cause[,]" and Andrew Kenech became Keith's attorney. *Id.* at 4 (capitalization in original omitted).

6

Keith shattered his pelvis and suffered from bone density thinning. *Id.* at 1, 8; Doc. 9-2 at 2–3. It is unclear when the injury occurred, but Keith alleges that Defendants' actions caused his injury to worsen. *See generally* Docs. 9, 9-1, 9-2. Medical Provider T. Welbig[2] provided follow-up care. Doc. 9-2 at 1. Welbig was employed by Medical Mgmt, LLC, which was a private company that contracted with the Minnehaha County Jail to provide medical services.[3] *Id.* at 1, 3; Doc. 9 at 3. Keith claims that Welbig was aware he had pre-approval for surgery but deliberately cancelled, then rescheduled, and then again cancelled his necessary surgeries. Doc. 9-2 at 1. Specifically, Welbig cancelled his surgery scheduled for April 10, 2024, in retaliation because he was difficult to work with. *Id.* at 3. He claims that Welbig conspired with Defendants to deprive him of his civil rights. *Id.* at 2. Keith alleges that because of Defendants' actions in missing his surgery dates and delaying his medical treatment, he suffered from significant pain and now has a leg that is two inches shorter and causes him to walk with a permanent limp. *Id.* at 1–3; Doc. 9 at 5, 7; Doc. 9-1 at 1–5. He is confined mostly to a wheelchair, with limited use of crutches. Doc. 9-1 at 6. He also suffers from posttraumatic stress disorder. *Id.* at 3–5, 9; Doc. 9 at 5–7; Doc. 9-2 at 1–2.

Keith sues Summers, Smith, Miller, DeCastro, Medical Mgmt, Welbig, and Med. Jail Board in their individual and official capacities. Doc. 9 at 2–3. Keith does not specify if he sues Angel in his or her individual or official capacities. *Id.* at 3. If the "complaint does not include an express statement that [he] is suing the individual defendants in their individual capacities, we

---

[2] Keith indicates that Rebaka Welbig retaliated against him, despite him suing T. Welbig. Doc. 9 at 3; Doc. 9-2 at 3. For the purposes of screening, this Court assumes that Rebaka Welbig and T. Welbig are the same person.

[3] Private companies act under color of law when providing services in the jail and can be sued under § 1983. *See West v. Atkins*, 487 U.S. 42, 56 n.15 (1988). Thus, for the purposes of screening, this Court assumes that Medical Mgmt, LLC, was acting under color of law.

consider [his] suit to be against the defendants in their official capacity." *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (internal quotation omitted). Thus, this Court must deem Keith's amended complaint to sue Angel in only his or her official capacity. Keith sues Defendants for extortion and violations of the Health Insurance Portability and Accountability Act (HIPAA) as well as for violating his right to effective counsel, right to speedy trial, right to due process, right to be free from cruel and unusual punishment, and right to be free from retaliation. Doc. 9 at 5–7; Doc. 9-1 at 1–6, 8–9; Doc. 9-2 at 1–3.

He seeks punitive damages for his pain and suffering in the amount of $211,000, and he seeks $15,000,000 in monetary damages. Doc. 9-1 at 7. He asks that the State Bar follow up with the actions of the attorneys. *Id.* at 8. He also requests "all parties santion by the discresiton of court in criminal mattes stemming from neglagence[.]" *Id.* at 7 (spelling and grammar errors in original, but capitalization in original omitted).[4]

### D.     Legal Background

The court must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam).

---

[4] Attached to Keith's motions to appoint counsel, he included a page requesting additional monetary relief of $1,500,000. Doc. 12 at 2; Doc. 14 at 2.

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The Court will now assess each individual claim under 28 U.S.C. § 1915A.

### E. Discussion

#### 1. Claims Against Summers, Smith, Miller and DeCastro

Keith sues Summers, Smith, and Miller who are, or previously were, public advocates or public defenders with Minnehaha County. Doc. 9 at 2. Keith also sues DeCastro, who was a private attorney appointed to represent him. *Id.* Keith brings his claims against these Defendants under § 1983, *id.*, but a § 1983 claim requires proof that the defendant acted under color of state law. *West*, 487 U.S. at 48 (citations omitted). Generally, a public defender and court-appointed attorneys do not act under color of state law because they serve an adversarial function to the state when representing a client. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public

defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

However, the United States Supreme Court has recognized that private parties act under color of state law for § 1983 purposes if the private party "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). *See also Tower v. Glover*, 467 U.S. 914, 916 (1984) ("[P]ublic defenders are not immune from liability in actions brought by a criminal defendant against state public defenders who are alleged to have conspired with state officials to deprive the § 1983 plaintiff of federal constitutional rights."). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). Conclusory allegations of conspiracy are insufficient. *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988).

Here, Keith has not sufficiently alleged that Summers, Smith, Miller, and DeCastro conspired with a state actor. Keith alleges that he kept up with court dates with the clerk of court for his state criminal case until the court dates were cancelled, but he has not alleged that Summers, Smith, Miller, or DeCastro acted in conspiracy with the state court to cancel his court dates. *See* Doc. 9 at 6. Keith also alleges that Summers, Smith, Miller, and DeCastro acted with or as a division of the State Bar. *Id.* at 2; Doc. 9-1 at 6, 8. Although this Court has previously recognized that the State Bar is an arm of the State, *Bergeson v. South Dakota*, 1:21-CV-01026-CBK, 2021 WL 5771183, at *3 (D.S.D. Dec. 6, 2021), that Keith seems to mistakenly believe that the State Bar runs the Minnehaha County Public Defender's Office or employs any

Defendant does not sufficiently allege a conspiracy.[5] *See* Doc. 7-1 at 1; SDCL § 7-16A-1; SDCL § 16-17-2; SDCL § 16-17-3. Thus, Keith's claims against Summers, Smith, Miller, and DeCastro are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

## 2. Claims Against Medical Mgmt

Keith sues Medical Mgmt for violating his right to be free from cruel and unusual punishment. *See* Doc. 9-2 at 1, 3. Under § 1983, a corporation cannot be held vicariously liable for the acts of its employees. *Burke v. N.D. Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (citing *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975–76 (8th Cir. 1993)). "[A] corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies. The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." *Sanders*, 984 F.2d at 975–76 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 694 (1978)).

Here, Keith claims that Welbig acted with Medical Mgmt to cancel his surgical appointments. Doc. 9-2 at 1. Keith has not indicated that there was a policy or custom that violated his rights. *See generally* Docs. 9, 9-1, 9-2. Although Keith very vaguely appears to allege that Welbig is a provider and an executive, he has not alleged that she was an individual who represented official policy.[6] *See* Doc. 9-2 at 1. Thus, Keith's claims against Medical Mgmt

---

[5] In Keith's original complaint, he alleges that that Defendants Summers, Smith, DeCastro, and Miller participated in a plot or scheme of extortion with the State Bar. Doc. 1 at 2. Even if this Court considered these claims, they are still conclusory and insufficient to allege a mutual understanding or willful participation in joint action.

[6] In Keith's original complaint, he states that he received a grievance response from Ms. Kim, who he appears to allege worked for "Correctional Medical Managment [sic], LLC Minnehaha County Jail Dept Board of Aministrators [sic] Providers[.]" Doc. 1-1 at 1. Even if this Court considered this allegation, there is no indication that Kim was an individual who

are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

### 3.  Claims Against Med. Jail Board

It is unclear whether Keith alleges that the Med. Jail Board is a part of the Minnehaha County Jail or part of Medical Mgmt. *See* Doc. 9 at 3. If Keith is alleging that the Med. Jail Board is part of Medical Mgmt, then his claim is dismissed for the same reason that his claims against Medical Mgmt are dismissed.

If Keith is alleging that Med. Jail Board is part of the Minnehaha County Jail, then Keith's claim is dismissed because "county jails are not legal entities amendable to suit." *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam). *See also De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam) (holding that county jails and sheriff's departments are not suable entities). Thus, Keith's claims against the Med. Jail Board are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

### 4.  Claims Against Welbig

Keith sues Welbig in her individual and official capacities. Doc. 9 at 2.

#### a.  Official Capacity Claims

Some courts differ on whether official capacity claims against employees of companies who contract with a jail are construed as claims against the government or claims against the contractor. *See Sebastian v. Foot*, 2024 WL 3201887, at *3 (E.D. Mo. June 26, 2024) (holding that the claims are against the county); *Cannady v. Cradduck*, 2016 WL 4432704, at *1–2 (W.D.

---

represented official policy, and his only allegation was that staff missed getting him to his scheduled surgery. *Id.*

Ark. Aug. 18, 2016) (holding that the claims are against the contractor). In the context of state prisons, this Court construed official capacity claims against contractors to be claims against the State. *Carter v. Wasko*, 4:22-CV-04103-RAL, 2023 WL 248233, at *3 (D.S.D. Jan. 18, 2023). Regardless, Keith has failed to allege a claim sufficient to survive § 1915A screening.

If this Court construes the official capacity claims as claims against Medical Mgmt, then Keith's claim is dismissed without prejudice because he has not alleged an unconstitutional policy, custom, or action by official. *See supra* at 11–12.

If this Court construes the official capacity claim as against the county, then Keith still fails to state a claim upon which relief may be granted. A county or local government may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell*, 436 U.S. at 694. Municipal liability attaches "(1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; [or] (2) where a facially lawful municipal policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817–18 (8th Cir. 2009) (citing *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008)). Here, Keith has not alleged that Welbig acted under an unconstitutional policy, custom, or action by official. Thus, Keith's official capacity claims against Welbig are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

**b.    Individual Capacity Claims**

Generally, only money damages are available on individual capacity claims under § 1983. *See Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011).

### (i). HIPAA

Keith claims that Welbig violated his rights under HIPAA. Doc. 9-2 at 2. "Courts have repeatedly held that HIPAA does not create a private right in implied-right-of-action cases. Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action." *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 138–39 (8th Cir. 2009) (per curiam) (internal citations omitted). *See also Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). Thus, Keith's HIPAA claims against Welbig are dismissed with prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

### (ii). Retaliation

Keith claims that Welbig retaliated against him by cancelling his surgical appointments because he was difficult to work with. Doc. 9-2 at 3. Even if this Court construed Keith's claim for retaliation under the First Amendment, his claim would fail because he has not shown that "he engaged in a protected activity[.]" *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013) (quoting *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004)). He also has not met the requirements to allege a retaliation claim under Title V of the Americans with Disabilities Act because he must also show that "he engaged in statutorily protected activity[.]"[7] *Rinehart v. Weitzell*, 964 F.3d 684, 689 (8th Cir. 2020). Thus, Keith's retaliation claim against Welbig is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

---

[7] Even if Keith had alleged that he engaged in a protected activity, many courts have held that Title V does not allow individual capacity claims. *See Johnson v. Daugaard*, 4:17-CV-04043–LLP, 2018 WL 1440330, at *4 (D.S.D. Mar. 22, 2018) (collecting cases).

### (iii).    Fourteenth Amendment

Keith claims that Welbig acted with deliberate indifference to his serious medical needs when she cancelled his surgery appointment for his hip. Doc. 9-2 at 1. Because Keith appears to have been a pretrial detainee at that time, this Court analyzes his claim under the Fourteenth Amendment, rather than the Eighth Amendment. *Kingsley v. Hendrickson*, 576 U.S. 389, 400–01 (2015). However, the Eighth Circuit has not established a different standard for analysis and thus examines deliberate indifference claims for pretrial detainees under the same standard as deliberate indifference claims by convicted inmates. *Davis v. Hall*, 992 F.2d 151, 152–53 (8th Cir. 1993) (per curiam).

"[D]eliberate indifference to serious medical needs of prisoners constitutes 'the unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104–05 (footnotes omitted). "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. "[A] prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. Allegations of negligence will not suffice, nor will mere disagreement with treatment decisions. *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing *Est. of Rosenberg*, 56 F.3d at 37).

The deliberate indifference standard includes both an objective and subjective component. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Coleman v. Rahija*,

114 F.3d 778, 784 (8th Cir. 1997)). The plaintiff "must demonstrate (1) that [he or she] suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." *Id.* (citing *Coleman*, 114 F.3d at 784). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman*, 114 F.3d at 784 (internal quotation omitted). To be liable for deliberately disregarding medical needs, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Spruce v. Sargent*, 149 F.3d 783, 786 (8th Cir. 1998) ("[C]onstructive knowledge, or the 'should-have-known' standard, is not sufficient to support a finding of deliberate indifference . . . .").

Here, Keith claims that Welbig was aware that he needed medical attention and was pre-approved to have surgery for his hip, but she cancelled his surgery because he was "[d]ificulty [sic] to work with[.]" Doc. 9-2 at 3. *See also id.* at 1–2. Keith appears to allege that he suffered from bone density issues because of the delay in surgery and that the bone density issues will cause difficulties for future surgeries. *Id.* at 3. He also claims that he will suffer with a permanent limp. Doc. 9 at 5, 7; Doc. 9-1 at 1–5; Doc. 9-2 at 1–3. The Eighth Circuit has identified that a plaintiff had made a "strong case" for deliberate indifference when denial of surgery for a medical concern could likely result in a "permanent handicap" without surgery. *Johnson v. Bowers*, 884 F.2d 1053, 1056 (8th Cir. 1989), *as modified on reh'g* (Oct. 27, 1989). Because this Court cannot say at this stage that this claim is wholly without merit, Keith's Fourteenth Amendment deliberate indifference to serious medical needs claim against Welbig in her individual capacity for money damages survives § 1915A screening.

16

### (iv).     Conspiracy

Keith alleges that Welbig conspired to withhold his civil rights. Doc. 9-2 at 2. To plead a civil conspiracy under § 1983, Keith must show "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." *Livers v. Schenck*, 700 F.3d 340, 360–61 (8th Cir. 2012) (citation omitted). "The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008) (citing *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999)). Although a plaintiff can use circumstantial evidence to show a conspiracy, a plaintiff bringing a § 1983 conspiracy claim must allege "specific facts tending to show" that the defendants reached an agreement to deprive the plaintiff of a constitutional right or a meeting of the minds. *See Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010). Keith has not asserted facts that show the Defendants agreed to deprive him of his constitutional rights. Thus, Keith's conspiracy claim against Welbig is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

### (v).     Negligence

Keith alleges that Defendants acted with negligence. Doc. 9-1 at 7. Although negligence is not actionable under § 1983, *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005) (citation omitted), it may be actionable as state-law claims when the court has original or supplemental jurisdiction. Under 28 U.S.C. § 1367(a), a district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United

States Constitution." Keith's negligence claim against Welbig stems from her conduct in cancelling his surgery appointments. Thus, they form part of the same case or controversy, and this Court will exercise supplemental jurisdiction over this claim.

"In order to prevail in a suit based on negligence, a plaintiff must prove duty, breach of that duty, proximate and factual causation, and actual injury." *Hanson v. Big Stone Therapies, Inc.*, 916 N.W.2d 151, 158 (S.D. 2018) (quoting *Hamilton v. Sommers*, 855 N.W.2d 855, 861 (S.D. 2014)). "In a suit for professional negligence, the plaintiff must prove that the professional deviated from the required standard of care." *Id.* (citing *Magbuhat v. Kovarik*, 382 N.W.2d 43, 46 (S.D. 1986)). Because this Court cannot determine that Keith's negligence claim against Welbig is wholly without merit, Keith's state-law medical malpractice claim against Welbig in her individual capacity for money damages survives § 1915A screening.

### 5.    Claims Against Angel

Keith's amended complaint names Angel as a defendant. Doc. 9 at 3. The amended complaint does not assert any claims against Angel or otherwise allege that he or she was involved with violating his constitutional rights. Thus, Keith fails to state a claim upon which relief may be granted against Angel, and Keith's claims against Angel are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

## III.    Motions to Appoint Counsel

Keith filed two motions to appoint counsel. Docs. 12, 14. Because he paid the full filing fee, Keith has not been granted leave to proceed in forma pauperis; thus, this Court cannot request an attorney to represent him under 28 U.S.C. § 1915(e)(1). Thus, Keith's motions to appoint counsel, Docs. 12 and 14, are denied.

## IV.     Motion for Hearing

Keith filed a motion requesting a hearing "to clarify why defendants will not make payment from prison trust acct to Court for filing fees, hindering sumnons [sic] process[.]" Doc. 16 at 1 (capitalization in original omitted). Keith paid the full filing fee. Further, Keith has not served Defendants, and Defendants have not answered or otherwise responded. Thus, Keith's motion for a hearing, Doc. 16, is denied.

## V.     Service and Notice of Rule 4(m)

Keith requested the United States Marshals Service to provide him seven summons so that his subpoenas can be served by "your office[.]" Doc. 5. *See also* Doc. 6-1. Because Keith paid the full filing fee and was not granted leave to proceed in forma pauperis, he is not automatically entitled to service by the United States Marshals Service. *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. §1915 or as a seaman under 28 U.S.C. §1916."). Keith has not moved for assistance with service by the United States Marshals Service, nor has he attempted to serve the Defendants or shown that assistance with service is necessary at this time. However, the Clerk of Court is directed to send one blank summons form to Keith so that he may arrange his own service of process on Welbig.

Federal Rule of Civil Procedure 4(m) states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Keith is on notice of this Court's intention to dismiss his claims without prejudice if he does not serve the remaining Defendant by **ninety days from the date of this Court's screening order,** pursuant to Rule 4(m), unless he can show good cause for his failure to serve Welbig.

Accordingly, it is ORDERED:

1. That Keith's motions for leave to proceed in forma pauperis, Docs. 2, 6, 10, and 15 are denied as moot.

2. That Keith's claims against Summers, Smith, Miller, and DeCastro are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

3. That Keith's claims against Med. Jail Board are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

4. That Keith's official capacity claims against Welbig are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

5. That Keith's individual capacity HIPAA claims against Welbig are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

6. That Keith's individual capacity retaliation claim for money damages against Welbig is dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

7. That Keith's Fourteenth Amendment deliberate indifference to serious medical needs claim against Welbig in her individual capacity for money damages survives § 1915A screening.

8. That Keith's individual capacity conspiracy claim for money damages against Welbig is dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

9. That Keith's state-law medical malpractice claim against Welbig in her individual capacity for money damages survives § 1915A screening.

10. That Keith's claims against Angel are dismissed without prejudice under 28 U.S.C. § 1915A(b)(1).

11. That Keith's motions to appoint counsel, Docs. 12 and 14, are denied.

12. That Keith's motion for a hearing, Doc. 16, is denied.

13. That the Clerk of Court shall send one summons form to Keith so that he may arrange his own service of process on Welbig.

14. That Keith is on notice of this Court's intention to dismiss his claims without prejudice if he does not serve the remaining Defendant by **ninety days from this order**, pursuant to Rule 4(m), unless he can show good cause for his failure to serve Welbig.

15. That Keith will keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the Court's Local Rules while this case is pending.

DATED January **21**, 2025.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK